JUSTICE TRIEWEILER
dissenting.
¶30 I dissent from the majority Opinion.
¶31 I would conclude that there was no change in circumstances so substantial as to make the terms of the original decree unconscionable and, further, that the District Court erred by treating the parties inconsistently when deciding the parent with whom the children spend the majority of each 24-hour calendar day.
¶32 Section 40-4-208(2)(b)(i), MCA, provides that the child support provisions of an existing decree may be modified only “upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable.” Here, there was evidence that Marsha’s cost of daycare increased by approximately $1,100 per year. However, there was also evidence that her medical expenses for the children and the cost of health insurance declined by approximately $1,000 per year and that the net increase in her expenses was $108.96 per year. However, whether the increase in daycare is offset by the decrease in other expenses for which there was evidence or is not, the range of increase in Marsha’s expenses for which there was evidence is from $108.96 to $1,114. Neither increase is so unforseen or substantial that it renders the prior child support provision unconscionable, especially when considered with the fact that Marsha’s income increased over the same period of time by nearly $5,000 annually. It certainly did not warrant an increase in child support in the amount of $4,104 annually. Therefore, I would conclude that the District Court abused its discretion when it found there were grounds to modify the previous child support provision.
¶33 Furthermore, I would conclude that the District Court erred when *479 it treated the parties arbitrarily and differently for purposes of determining the parent with whom the children spent the majority of each 24-hour day. On those days when Marsha delivered the children to daycare following nights spent with her, she was given credit for a majority of that 24-hour day. On those days when Samuel delivered the children to daycare following nights spent with him, Marsha was still given credit for having the children a majority of that day. That makes no sense to me. The majority accepts Marsha’s lame rationale for this disparate treatment by pointing out that she takes primary financial responsibility for the children. However, that consideration is only relevant to the determination of which parent receives child support. It is not relevant to a determination of where the children are actually spending their time. The fact that Marsha actually pays for the children’s expenses is why Samuel sends child support checks to her rather than vice-versa.
¶34 The majority observes that the child support guidelines give no guidance to a district court for determining where a child spends the majority of his or her day. However, specific guidance was not necessary in this case. All the District Court had to do was treat both parents in the same manner. The fact that there are no guidelines is no explanation for treating them differently under the exact same circumstances.
¶35 For these reasons, I would conclude that the District Court abused its discretion by reopening the issue of child support and then calculating child support based on an unreasonable determination of where the children were spending their days. I would reverse the order of the District Court and dissent from the majority’s refusal to do so.
JUSTICE RICE joins in the foregoing dissent.